## Whitney, &c. vs Carle.

### ERROR TO THE JEFFERSON CIRCUIT.

*Replevin. Rent. Avowry. Pleas and pleading.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

THE first avowry was insufficient, because it did not show the facts which authorized the issuing of the distress warrant for rent. The Court, therefore, did not err in arresting the judgment on the verdict found for the defendant. Whether, if the first avowry had been good, the defendant, after amending it upon leave, could rely upon it in this Court, we need not decide.

The case, therefore, depends upon the propriety of overruling the defendant's demurrer to the second plea to his last amended avowry. That avowry, without stating the title of the defendant in the premises, stated a demise from her to the plaintiff, ending on the day when the distress warrant issued and the distress was made, when, as it avers, two quarters' rent was due, for which the distress was made. The second plea states merely that the distress in the avowry mentioned, was made after the defendant's title and interest had ceased. The plea cannot be regarded as denying the demise as averred in the avowry, or its continuance to the time of the distress. It shows no eviction of the tenant, nor any other fact which could operate as a determination of the tenancy before the lease expired by its own limitation. Upon the avowry and plea, therefore, it must be taken that the lease and the relation of landlord and tenant still subsisted when the distress was made. In this state of case, we apprehend, it was not material whether the lessor had any other title than that implied in the lease and in the relation of landlord and tenant, or that if material, the plaintiff was estopped by the lease and his continued occupation under it, from denying the continuance of the landlord's title, at any rate without showing how it had determined.

**REPLEVIN.**

**Case 46.**

*January* 11.

The avowry being defective in failing to show the legal issue of the distress warrant, there was no error in arresting the judgment for the defendant.

WHITNEY, &c.
*vs*
CARLE.

A plea to an avowry alledging a tenancy, which does not show a determination of the tenancy by the expiration of the lease, and how it determined, is not a good plea.

The plea seems to have been founded on the twelfth section of the act of 1748, (2 *Stat. Law,* 1354,) annex-ing a proviso to the previous sections which authorize a distress to be made after the determination of the lease, and in some other cases in which it was not allowed by the common law. Upon which the twelfth section provides as a condition, that such distress be made with-in six months after the determination of the lease, and during the continuance of the landlord's title or interest, and during the possession of the tenant. The proviso applies evidently to such distress only as is authorized by this statute, and perhaps only to distress after the determination of the lease. Whether the act of 1811, (2 *Stat. Law,* 1356,) has not, in giving a new form to the remedy by distress, and in dispensing entirely with the necessity of a continued privity of estate, dispensed also with the requisition in the twelfth section of the act of 1748, that the landlord's title shall continue to the time of the distress, we need not decide. The right of distress in this case, is not founded upon the act of 1748, and is, therefore, not subject to the conditions imposed by that act upon the remedy which it gives. And as we apprehend, the continuance of the lease and of the rela-tion of landlord and tenant up to the time of the dis-tress, if not always sufficient by the common law, to sus-tain the remedy, must, upon common law principles as applicable to the nature and terms of the remedy as af-fected by the act of 1811, be deemed sufficient.

This Court, in the case of *Mitchell* vs *Franklin,* (3 *J. J. Marshall,* 480–1,) has said emphatically, that if the relation of landlord and tenant exists, and a rent in money has been reserved out of the lands, and the rent is due, the remedy by distress is proper, but subject to the provisions of the acts of 1811 and 1748, when they apply. We concur fully in this conclusion, and being satisfied that the twelfth section of the act of 1748 ap-plies only to such distress as is given by the act, we are of opinion that the plea founded upon that section does not apply to the present case.

That the party claimed more

The avowry then shows a right of distress indepen-dent of the statute of 1748, and is good without setting

out any other title than the lease, because no other title is necessary to sustain the distress; and the plea relying upon the condition imposed by the statute of 1748, if otherwise good, is bad because it does not show that the remedy is in fact founded on the statute, and thus subject to the condition. The question whether the distress could properly be made for the entire rent alledged to be due, does not arise in the present attitude of the case. Though the warrant may have issued for too much or for more than was then collectable by distress, it was not void but was good for so much as was actually due and collectable, and therefore, justified the seizure and authorized a judgment of return. Replevin is not the remedy for an excessive distress.

Wherefore, for the error of overruling the defendant's demurrer to the second plea to the avowry, the judgment is reversed and the cause remanded with directions to sustain said demurrer, and for further proceedings.

*Loughborough* for plaintiffs; *Fry & Page* for defendant.

rent than is due is no bar to his right to recover what is due—replevin is not the remedy for an excessive distress.